IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 99-CR-0066-006-CVE |
| v. ) | |
| ) | USM Number: 08371-062 |
| **JORGE ESPARZA VELASCO,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is defendant's Motion for Sentence Relief Under the Federal Bureau of Prisons Non-Violent Offender Relief Act of 2003 (Dkt. # 619). In May 1999 defendant and others were charged by indictment with conspiracy to possess with intent to distribute methamphetamine and cocaine. In August 1999 a three-count Superseding Indictment was filed alleging similar crimes. On October 25, 1999, defendant entered a plea of guilty to an Information charging distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On April 10, 2000, Judge H. Dale Cook sentenced defendant to a term of imprisonment of 188 months, imposed a four-year term of supervised release, and ordered a $100 special assessment. The Indictment and Superseding Indictment were ordered dismissed.

Defendant moves for sentence reduction under legislation that supposedly revised 18 U.S.C. § 3624 by adding subsection G., which, according to defendant, provides for release of a prisoner after completion of 50 percent of the imprisonment term if the prisoner is forty-five years of age or older, has no conviction history involving violence, and has no institutional misconduct record involving violent conduct. Defendant reports he meets the aforementioned criteria and requests that the Court order his release under this authority. Defendant cites the Federal Bureau of Prisons Non-

Violent Offender Relief Act of 2003 (H.R. 3575), introduced on November 21, 2003. This bill was referred to the House Judiciary Committee and later the Committee on Crime, Terrorism and Homeland Security, where it was apparently buried. Two identical bills were subsequently introduced, H.R. 256 in 2005 and H.R. 261 in 2007, both of which appear to have met a similar fate. The same bill was introduced in 2009 (H.R. 61), which has once again been referred to committee and is pending consideration. This proposed legislation has no companion bill in the Senate.

Defendant's motion cites pending legislation as its authority to modify sentence. Congress has not revised § 3624 authorizing reduction of sentence as presented in defendant's motion. This Court has no authority under § 3624 to modify defendant's sentence. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); see also United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request).

**IT IS THEREFORE ORDERED** that defendant's Motion for Sentence Relief Under the Federal Bureau of Prisons Non-Violent Offender Relief Act of 2003 (Dkt. # 619), is **dismissed for lack of jurisdiction**.

**DATED** this 23rd day of October, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT